# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**BETTY J. CHRISTIAN**                                                                 **PLAINTIFF**

**V.**                                            **NO. 3:17CV0106-JMV**

**NANCY BERRYHILL**
*Commissioner of Social Security*                                            **DEFENDANT**

## FINAL JUDGMENT

      This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

      Consistent with the court's ruling from the bench during a hearing held today, the court finds the Appeals Counsel erred in its determination that medical records, including, but not limited to imaging studies (dated May 2016), dated only weeks following issuance of the ALJ's decision did not relate to the relevant period. Indeed, the ALJ assigned "little weight" to the consultative examiner's opinion that the claimant was limited, essentially, to work at a level of exertion far less than light on the bases that the doctor's opinions were not supported by diagnostic imaging studies and were "inconsistent with the objective examination findings of treating sources." Considering that the ALJ determined that the claimant's lumbar spine impairment was severe and the later-submitted studies show, among other things, a bulging disc, the ALJ will consider the new evidence submitted to the Appeals Counsel, as it may change his

decision. Further, as the court pointed out during the hearing, a state agency physician determined the claimant had a severe condition of "shoulder impingement syndrome"; however, the ALJ failed to fully consider this impairment, as there is no discussion of it in the decision. And, the ALJ gave no substantive explanation why he rejected the consultative examiner's finding of limitations with reaching, handling, and grasping, which limitations were supported by objective findings made during an examination. This is troubling to the court, considering the ALJ determined the claimant could return to her past work as an assistant librarian, a job that apparently required a significant amount of reaching, handling and grasping as performed. On remand, the ALJ will be required to correct these errors.

In conclusion, on remand the ALJ must consider the new evidence submitted to the Appeals Counsel; fully consider the claimant's "shoulder impingement syndrome" impairment; and reconsider the consultative examiner's opinions regarding the claimant's reaching, handling, and grasping limitations and give good reasons for rejecting the same (if necessary) in a new decision. The ALJ may conduct any further proceedings deemed necessary but which are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 12th day of April, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE